UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THOMSEN AS TRUSTEES OF THE REDWOOD EMPIRE ELECTRICAL WORKERS HEALTH AND WELFARE TRUST FUND, REDWOOD EMPIRE ELECTRICAL WORKERS PENSION TRUST, JOINT ELECTRICAL INDUSTRY TRAINING PROGRAM, NATIONAL EMPLOYEES BENEFIT FUND, AND REDWOOD EMPIRE ELECTRICAL WORKERS WORK RECOVERY FUND,<br><br>  Plaintiffs,<br><br>  vs.<br><br>PETALUMA ELECTRIC, INC., a California Corporation,<br><br>  Defendant. | Case No:  C 09-1594 SBA<br><br>**ORDER TO SHOW CAUSE** |

## I.     **INTRODUCTION**

Plaintiffs Jack Buckhorn and Anisa Thomsen, as trustees of the Redwood Empire Health and Welfare and Pension Trust Funds (collectively, "Plaintiffs") bring the instant action under the Employee Retirement Income Security Act, 12 U.S.C. § 1132, to recover unpaid trust fund contributions allegedly owed by Defendant Petaluma Electric, Inc. ("Defendant").

On January 4, 2010, the Court entered its Order for Pretrial Preparation, in accordance with Federal Rule of Civil Procedure 16.  (Docket 14.)  The Court set this matter for a one-day court trial to commence on August 2, 2010, with the pretrial conference to take place on April 6, 2010. (Id. at 2.)  Numerous deadlines were set based on the date of the pretrial conference:  (1) meet and confer regarding compliance with pretrial requirements – thirty days prior to the pretrial conference; (2) pretrial documents (i.e., Joint Pretrial Statement, Proposed Findings of Fact and

Conclusions of Law, etc., – due twenty eight days prior to the pretrial conference; and (3) motions in limine – due twenty-one days prior to the pretrial conference. (Id. at 2-3.) Upon stipulated request of the parties, the Court subsequently moved the pretrial conference to July 21, 2010, and advanced the trial date to July 28, 2010. (Docket 19, 23.) The Court did not alter the deadlines for filing pretrial documents.

Based on the pretrial scheduling order, pretrial documents were due on June 23, 2010, and motions in limine were due on June 30, 2010. Plaintiffs filed their motions in limine on July 1, 2010, and their pretrial documents on July 14, 2010. Although Plaintiffs' documents are late, Defendants have filed none of the documents required under the Court's scheduling order. In their separately-filed Pretrial Conference Statement, Plaintiffs state that since June 16, 2010, they have made numerous, unsuccessful attempts to meet and confer with Defendant regarding the submission of a Joint Pretrial Conference Statement. Because Defendant apparently failed to respond to these inquiries, Plaintiffs were forced to file their statement separately.

## II.   DISCUSSION

### A.   DEFENDANT'S VIOLATION OF PRETRIAL SCHEDULING ORDER

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations omitted). "In these days of heavy caseloads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005). As such, a party's failure to comply with the Court's scheduling order undermines the administration of justice. In this regard, the Ninth Circuit has stated that the "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Johnson, 975 F.2d at 610.

Under Federal Rule of Civil Procedure 16, the district court has the discretion, upon motion or sua sponte, to impose sanctions upon any party which "fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1)(C). "Instead of or in addition to any other sanction," the court may order the offending party and/or its counsel to pay attorney's fees and other reasonable

expenses incurred by its non-compliance, absent a showing that such non-compliance was "substantially justified" or other circumstances that would "make an award of expenses unjust." Id. 16(f)(2). In addition, Rule 16(f)(1) expressly incorporates the sanctions specified in Rule 37(b)(2)(A)(ii)-(vii), which includes "rendering a default against a disobedient party."

"Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" Wong, 975 F.3d at 1060. Based on Defendant's non-compliance with the Court's pretrial scheduling order, the Court will direct Defendant to show cause why sanctions should not be imposed, up to and including the entry of default.

### B.  PLAINTIFFS' UNOPPOSED MOTIONS IN LIMINE

Plaintiffs have filed two motions in limine. In the first motion, Plaintiffs seek to exclude any reference to the settlement agreement between Plaintiffs and Defendant in a prior lawsuit on the ground that it is not relevant to any issue at trial. See Fed.R.Evid. 401. In their second motion, Plaintiffs seek to preclude any oral or written testimony of Edgar Ponce and Justin Daly, two current or former employees of Defendant, pursuant to Federal Rule of Evidence 403. The Court's Order for Pretrial Preparation warns the parties that the failure to oppose any motion "shall constitute a consent to the granting of the motion." (Docket 14 at 2.) Having received no opposition from Defendant, the Court grants both of Plaintiffs' motions in limine.

## III.  CONCLUSION

In view of the foregoing,

IT IS HEREBY ORDERED THAT:

1.  By no later than **12:00 p.m. on Monday, July 19, 2010**, Defendant shall file a Certificate of Counsel and show cause why its default should not be taken and/or why monetary sanctions should not be imposed against Defendant and/or its counsel under Rule 16(f) for failure to comply with the Court's pretrial scheduling order. FAILURE TO FULLY COMPLY WITH THIS ORDER WILL BE DEEMED SUFFICIENT GROUNDS TO ENTER DEFENDANT'S DEFAULT AND/OR IMPOSE MONETARY SANCTIONS, WITHOUT FURTHER NOTICE.

2.  Plaintiffs' Motions in Limine are GRANTED.

1 | 3. This Order terminates Docket 24.

2 | IT IS SO ORDERED.

3 | Dated: July 15, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge